UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, vs. **DEONTA MATTHEWS**, Defendant. | 2:15-CR-20201-TGB <br><br> **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Defendant Deonta Matthews has filed a petition under 28 U.S.C. § 2255 seeking to vacate his 20-year sentence for a racketeering conspiracy. This case was transferred in October 2020 from Judge Battani to this Court. Because the record conclusively shows that he is not entitled to relief, there is no need for an evidentiary hearing on his ineffective assistance of counsel claim, and the motion is **DENIED**.

### I. BACKGROUND

On January 17, 2017, Deonta Matthews pled guilty to two counts of a four-count indictment: racketeering conspiracy and receipt of a firearm by a person under indictment. There was no Rule 11 plea agreement, but the government agreed to dismiss the other two counts upon his plea of guilty. ECF No. 362, PageID.2549. On May 8, 2017, his attorney Michael Rataj filed an objection to Mr. Matthews' presentence report ("PSR"). This objection specifically addressed Paragraphs 18 and 19 of the report,

1

which dealt with the murder of an individual named Marcus Cole. ECF No. 296. This murder was included in the PSR as an overt act under Count 1: Racketeering Conspiracy. PSR, pg. 12. The objection was stricken because objections to PSRs must be filed directly with the Probation Department. *Id.* The substance of the objection, however, was repeated in a footnote in the sentencing memorandum filed by Rataj on July 23, 2017: "Mr. Matthews has admitted to being a member of RTM, conspiring with others to commit the jewelry store "smash and grabs" and to possessing guns when he was not allowed. However, Mr. Matthews denies having anything to do with the murder of Marcus Cole." ECF No. 306, PageID.2146.

At the time of his sentencing on September 21, 2017, Mr. Matthews had a new attorney, Barton Morris. It is unclear whether Rataj ever properly communicated his objection to the Probation Officer who prepared the PSR, but the record indicates that the Court was eventually made aware of it. Tr. 9/21/17 Hearing 4:9-11, ECF No.325, PageID.2276 ("THE COURT: Okay. And I did receive an objection. Mr. Morris, the objection was regarding paragraphs 18 and 19. Do you want to address those?"). Morris withdrew the objection to Paragraphs 18 and 19 of the PSR at the beginning of the hearing. *Id.* at 4:12-18.

Based on the information contained in those paragraphs, Mr. Matthews was assigned a total offense level of 41 and a criminal history category of III, resulting in a guideline range of 360 months to 420

2

months, or thirty to thirty-five years. PSR, pg. 20. The murder, Count 1c, had an offense level of 43. If the murder had not been included in the PSR, Mr. Matthews' total offense level would have been 30. The guideline range for a total offense level of 30 and a criminal history category of III is 121 to 151 months, or roughly ten to twelve and a half years. U.S.S.G. § 3E1.1(a); ECF No. 358, PageID.2516-17. Mr. Matthews was eventually sentenced to 300 months, or twenty-five years. ECF No. 358, PageID.2480.

Mr. Matthews filed this § 2255 motion on March 26, 2020, proceeding with the assistance of counsel. ECF No. 358. He alleges Morris provided ineffective assistance of counsel during his sentencing when he (1) failed to preserve the objections to Paragraphs 18 and 19 of the PSR, (2) failed to object to the scoring of the sentence guidelines, and (3) failed to argue that Mr. Matthews was not guilty of the murder of Marcus Cole. ECF No. 358, PageID.2510. Mr. Matthews asks the Court to hold an evidentiary hearing to address his counsel's performance, and to vacate his sentence if it is found to have been deficient. Prior to re-sentencing, he would then ask the Court to hold a second evidentiary hearing on specific factual allegations bearing on the eventual sentence.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 2255(a), "[a] prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Specifically, a prisoner may allege that

3

the court's sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *Id.* To prevail upon a § 2555(a) motion, a petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003).

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the petitioner shows either (1) "cause" and "actual prejudice" or (2) "actual innocence." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). An ineffective assistance of counsel claim, however, is not subject to the procedural default rule. *Massaro*, 538 U.S. at 504. An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255(a), whether or not the petitioner could have raised the claim on direct appeal. *Id.*

Claims of ineffective assistance of counsel are evaluated under a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A defendant must prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient

4

performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within a wide range of professional assistance." *Id.* at 689.

Mr. Matthews requests a "Rule 8" evidentiary hearing on his ineffective assistance of counsel claim. When a § 2255 motion is not dismissed procedurally, Rule 8 requires a judge to review the record "to determine whether an evidentiary hearing is warranted" to address the claims in the motion. R. Gov. § 2255 Cases 8(a). A court is not required to hold such a hearing. *Spearman v. United States*, 860 F. Supp. 1234, 1237 (E.D. Mich. 1994). Specifically, a hearing is not required if a court determines "the record conclusively shows that the petitioner is entitled to no relief." *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

### III. ANALYSIS

#### i. Attorney Morris' performance

Under the first prong of the *Strickland* analysis, the Court must determine whether Morris' performance "fell below an objective standard of reasonableness." A defendant can prevail in challenging specific choices made by their attorney during a proceeding if they can show the "action (or inaction) could not have constituted sound strategy." *Thelen v. United States*, 131 F. App'x 61, 65 (6th Cir. 2005). However, Courts are instructed to give a "healthy amount of deference to counsel's tactical and litigation decisions; they are "virtually unchallengeable" in the ordinary

5

case." *Vasquez v. Bradshaw*, 345 F. App'x 104, 115 (6th Cir. 2009) (citing *Strickland*, 466 U.S. at 690).

Mr. Matthews' specific claim of ineffective assistance is that Morris decided not to object to the inclusion of several paragraphs in his PSR. But the record indicates that Morris had tactical reasons for not objecting to the two PSR paragraphs at issue. In an affidavit filed with the government's Response, he states that the decision to withdraw the objections "was a strategic decision made in an effort to minimize Mr. Matthews' sentence." ECF No. 362-1, PageID.2566. He determined that such a challenge "would not have convinced the Court to not score the murder of Cole." *Id.* He also states his belief that challenging the scoring would have counteracted "the stronger argument" that he made at sentencing regarding Mr. Matthews' changed character. *Id.* at PageID.2567-68.

This is a sound strategy, certainly within a "wide range of professional assistance." *See, e.g, United States v. Ballard*, No. 1:13-CR-021-1, 2019 WL 5307348, at *3 (S.D. Ohio Oct. 21, 2019) (noting that "a reasonable attorney might choose a strategy that abandoned far-from-sure objections for the opportunity . . . to argue for a downward departure"). Moreover, Morris' stratagem appears to have succeeded: Mr. Matthews was eventually sentenced to twenty-five years, as advocated by Morris, rather than to thirty-five years, as the government requested.

The Sixth Circuit has found that "an attorney's failure to object to an error in the PSR's calculation of the guidelines . . . can be grounds for finding deficient performance." *Howard v. United States*, 743 F.3d 459, 464 (6th Cir. 2014); *see also Arredondo v. United States*, 178 F.3d 778, 787 (6th Cir. 1999) (finding ineffective assistance of counsel when attorney "failed to object to a flawed sentencing calculation that was based on the government's view of the evidence and the probation officer's intuition").

For example, in *Arredondo*, the defendant was charged in a conspiracy to distribute heroin and cocaine. The PSR stated that "it is felt" he was responsible for "between 1 and 3 kilograms of heroin," but did not provide any specific facts or evidence for the amount cited. *Arredondo*, 178 F.3d at 784-85. The calculations advanced in the government's brief also did not justify the amount. *Id.* at 785-87. Compounding this flaw in the basis for determining the proper guideline range, the defendant's attorney conducted virtually no preparation for the sentencing hearing. He did not go over the PSR with his client and did not catch the lack of an adequate factual basis for sentencing in the PSR. *Id.* at 787-88. This "failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation" and was therefore grounds for finding ineffective assistance of counsel. *Id.*

7

By contrast, Mr. Matthews provides no evidence of egregious deficiencies in the PSR and supporting materials; rather, he argues that the government's evidence regarding the murder of Marcus Cole was not sufficient to justify assigning a higher guideline to his role. ECF No. 358, PageID.2517-18. This is not comparable to *Arredondo*, where the charged amount was based on demonstrably incorrect calculations. 178 F.3d at 784-85. Neither does he provide evidence that Morris was unprepared for sentencing. In his affidavit, Morris specifically cited the evidence he reviewed regarding the murder of Marcus Cole in preparation for the sentencing: (1) grand jury testimony of Darrell Webb and Jerome Quinney, (2) grand jury testimony of a lay witness working nearby, (3) an audio recording of the driver of the vehicle Mr. Matthews was in just prior to the shooting, and (4) grand jury testimony of Jerome Welch. ECF No. 362-1, PageID.2567. At sentencing, Morris was aware Mr. Matthews' previous attorney had raised the objections, indicating his familiarity with prior proceedings and his subsequent preparation. Tr. 9/21/17 Hearing 4:12-18, ECF No.325, PageID.2276.

Mr. Matthews simply challenges Morris' strategic decision not to maintain the objection raised by previous counsel. He does not allege that Morris was unprepared for the sentencing, or that he was unaware of the nature of the government's evidence connecting Mr. Matthews to the murder of Marcus Cole. Rather, he claims that Morris' affidavit does not show he "gave careful consideration to all of the weaknesses in the

8

government's case for murder." ECF No. 363, PageID.2578. Courts should not blindly accept any conduct as reasonable merely because an attorney labels it "strategic." But on this record, there is sufficient evidence to indicate that Morris' decision was both strategic and informed. Indeed, Morris specifically states that he did consider the weaknesses in the government's case, including the fact that witnesses "received reduced sentences, received funds from the government, or were not prosecuted" and that there was a "lack of physical evidence." ECF No. 362-1, PageID.2567. Despite these problems with the government's evidence, he made what appears to be a deliberate strategic choice to drop the objection in favor of an argument that focused on Mr. Matthews' changed persona. *Id.* Given the clearly tactical nature of this choice, Mr. Matthews is unable to make out a claim of deficient performance under *Strickland*.

Again, if the Court can conclusively answer the question of performance based on the record, there is no need for an evidentiary hearing. *See Arredondo*, 178 F.3d at 782. Courts should not make this decision lightly, because "[w]here there is a factual dispute, the habeas court *must* hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999) (emphasis in original). Mr. Matthews attempts to allege such a factual dispute regarding his counsel's performance by saying he is prepared to testify Morris "suggest[ed] that he would argue against the

9

murder" at sentencing. ECF No. 358, PageID.2504. But even if Morris made such an assertion, it was within his strategic purview to later change his mind. And the record clearly indicates that is what happened. This allegation from Mr. Matthews does not create a factual dispute as to whether Morris' eventual choice not to object was strategic in nature. Given that it was, the Court can conclusively determine based on the record that Morris' conduct was within the "wide range of professional assistance" that is acceptable.

### ii.     Prejudice to the defendant

But even if Morris' conduct were found to be deficient, Mr. Matthews would still have to show prejudice to succeed on his ineffective assistance of counsel claim. Deficient performance is prejudicial if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Howard*, 43 F.3d at 464 (6th Cir. 2014) (citing *Strickland*, 466 U.S. at 694). An error in sentencing calculations can be the basis of a finding of prejudice. *Glover v. United States*, 531 U.S. 198, 204 (2001).

Mr. Matthews claims that if Morris had objected to the relevant PSR paragraphs, his guideline range would have been lower, and it is virtually certain he would have received a lower sentence. The failure to object, he argues, was therefore prejudicial. But this assumes that the Court would have sustained the objection by concluding that "Matthews

10

did not commit the Cole murder" and excluding the murder from the guidelines calculation. ECF No. 358, PageID.2516-17.

The problem with this contention is that Mr. Matthews has not shown that there is a "reasonable probability" the Court would have excluded the murder from the PSR if Morris had raised an objection. The government put forward extensive evidence in its sentencing memorandum regarding the murder and Mr. Matthews' alleged connection to it: testimony from multiple associates of Mr. Matthews, testimony from an individual who had been working nearby, and testimony from the admitted driver of the homicide. ECF No. 301, PageID.1899-1905.

Mr. Matthews has pointed out what he believes to be deficiencies in all the offered evidence. ECF No. 358, PageID.2487-96. But all of that information was available to the sentencing court in the first instance. The court indicated in its sentencing colloquy after a review of all the provided materials that it was considering "the young man who was killed" as one of the victims of Mr. Matthews' conduct. Tr. 9/21/17 Hearing 30:16, ECF No.325, PageID.2302. The sentencing court thus indicated that it would not have sustained the objection even if it had been made. There is no reasonable probability the relevant paragraphs would have been excluded, and therefore Mr. Matthews cannot show prejudice.

## CONCLUSION

The Court finds sufficient evidence on the record to address Mr. Matthews' claims, and a Rule 8 evidentiary hearing is not needed. Specifically, the record shows his attorney's performance was within the range of professionally reasonable conduct: he made a sound tactical choice not to object to the paragraphs in the PSR referencing the murder of Marcus Cole. Additionally, there is no showing of prejudice because Mr. Matthews cannot show a reasonable probability the court would have sustained such an objection even if it had been made. Therefore, he has failed to establish ineffective assistance of counsel, and his sentence cannot be vacated on those grounds.

**WHEREFORE**, it is **HEREBY ORDERED**, that the motion be **DENIED**.

**SO ORDERED**, this 15th day of December, 2020.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE