UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **DEONTA MATTHEWS**, <br><br> Defendant. | 2:15-CR-20201-TGB <br><br> **ORDER DENYING CERTIFICATE OF APPEALABILITY** |

The Court denied Deonta Matthews' motion to vacate his sentence under 8 U.S.C. § 2255 on December 15, 2020. ECF No. 369. He has filed a notice of appeal. ECF No. 370. Before an appeal under 28 U.S.C. § 2255 may proceed, district courts must first determine whether to certify any issues for appeal.

A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

1

Mr. Matthews seeks habeas relief primarily due to alleged ineffective assistance of counsel. He says that at his sentencing hearing, his attorney Barton Morris was ineffective because he (1) failed to preserve certain objections to the pre-sentence report ("PSR"), (2) failed to object to the scoring of the sentencing guidelines, and (3) failed to argue that Mr. Matthews was not guilty of the murder of one Marcus Cole. ECF No. 358, PageID.2480; *see also* ECF No. 369, PageID.2606. The Court carefully considered each of these objections, examining the PSR, the transcript from the sentencing hearing, ECF No. 325, and the affidavit submitted by Mr. Morris himself regarding this matter, ECF No. 362-1, while also taking into account the standard for demonstrating ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The record indicated that the decision not to make these objections or arguments was a strategic one on Mr. Morris' part. Strategic and tactical choices by attorneys are "virtually unchallengeable" and therefore rarely result in a constitutional violation. *Vasquez v. Bradshaw*, 345 F. App'x 104, 115 (6th Cir. 2009).

Mr. Matthews also sought an evidentiary hearing to further develop the record regarding his ineffective assistance of counsel claim. If a court can conclusively answer the question of performance based on the record, however, it is not required to hold an evidentiary hearing. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Given the record here, and in particular the presence of an affidavit submitted by the attorney

2

whose conduct is in question, the Court's decision not to hold an evidentiary hearing before making its decision is not one that reasonable jurists would dispute.

In sum, the Court concluded that Mr. Matthews' challenges generally lacked substantive merit and, as such, reasonable jurists could not disagree. He has failed to make a substantial showing of the denial of a constitutional right. Therefore, the Court declines to certify any issues, and a certificate of appealability is **DENIED**.

**SO ORDERED**, this 9th day of February, 2021.

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE